**IMG-013** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1822
_____

JULIAN RAJANAYAGAN ANANDARAJAH,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A097-302-954)
Immigration Judge: Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 21, 2011
Before:   SMITH, HARDIMAN AND STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 28, 2011)
_____

OPINION
_____


PER CURIAM

Julian Rajanayagan Anandarajah ("Anandarajah") petitions for review of the Board of Immigration Appeals' decision denying his third motion to reopen removal proceedings. For the reasons that follow, we will deny the petition for review.

Anandarajah, a native and citizen of Sri Lanka and an ethnic Tamil, petitioned for review of the Board's original order affirming the Immigration Judge's decision to deny his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In those applications, Anandarajah claimed a fear of persecution on the ground that the Sri Lankan government believes he is, or was, a supporter of the Liberation Tigers of Tamil Eelam ("LTTE"). We denied the petition for review, concluding that substantial evidence supported the IJ's determination that Anandarajah's testimony was not credible. See Anandarajah v. Att'y Gen. of U.S., 258 Fed. Appx. 495 (3d Cir. 2007).

On or about March 31, 2008, Anandarajah filed his first motion to reopen with the Board to reapply for asylum on the basis of changed country conditions. Relying on the 2007 Country Report for Sri Lanka and other documentary evidence, Anandarajah contended generally that there had been a breakdown in the enforcement of the 2002 Cease-Fire Accord between government security forces and the LTTE, resulting in greater persecution of ethnic Tamils. He also contended that he would be detained upon his arrival at the Columbo airport and interrogated by Sri Lankan police as a failed Tamil asylum seeker.

On June 25, 2008, the Board denied the motion to reopen as untimely under 8 C.F.R. § 1003.2(c)(2) (providing for a 90-day deadline). The Board concluded that conditions in Sri Lanka material to Anandarajah's claim of persecution had not worsened, and thus the exception to timeliness did not apply, and his argument that he would be persecuted as a failed asylum seeker did not provide a basis for applying the exception to

2

timeliness.  Anandarajah petitioned for review, and, in his brief, he argued, among other things, that he would be persecuted and tortured in Sri Lanka as a failed asylum seeker. He further argued that the Board mischaracterized his failed asylum seeker argument by failing to adequately consider that the Sri Lankan government now considers all Tamils who have lived in the West to be LTTE sympathizers.  We denied Anandarajah's petition for review in Anandarajah v. Att'y Gen. of U.S., 352 Fed. Appx. 667 (3d Cir. 2009) (per curiam), concluding that the Board did not abuse its discretion in determining that he failed to show changed country conditions sufficient to excuse the untimeliness of his motion to reopen.  Moreover, we agreed with the Board that Anandarajah's failed asylum seeker argument involved a change in personal circumstances – not a change in country conditions – and changed personal circumstances are insufficient to excuse an alien from the time limit on a motion to reopen.  See id. at 672.

On December 11, 2009, Anandarajah filed a second motion to reopen with the Board.  He presented evidence that his attorney, Visuvanathan Rudrakumaran, is known internationally for his support of the LTTE, and he argued that he was in danger because of his attorney-client relationship with Rudrakumaran.  He noted that, after our 2009 decision in his case became public, he was publically linked to Rudrakumaran.  He had recently received a letter from his mother informing him that she had received an anonymous telephone call in which the caller inquired about him and Rudrakumaran. She believed the call originated at the Sri Lankan Defense Department.  On January 29, 2010, the Board denied the motion to reopen as untimely and number-barred.  The Board noted that the factual basis of Anandarajah's claim for asylum had previously been

3

rejected as not credible, and then rejected his motion to reopen because it proceeded as if his prior claims had been accepted as true. Anandarajah petitioned for review at C.A. No. 10-1498, but the petition was procedurally terminated at his request after we denied his motion for a stay of removal.

At issue now, on September 15, 2010, Anandarajah filed a third motion to reopen with the Board, once again seeking an exemption from the time and number limits on the basis of changed country conditions. This motion advanced the same arguments as the second motion to reopen, in that Anandarajah once again claimed that Rudrakumaran is a known LTTE sympathizer, and thus he (Anandarajah) is in danger because of his association with Rudrakumaran. Again he contended that the Sri Lankan Defense authorities had been in touch with his mother and she was interrogated by gunmen about his involvement with Rudrakumaran. Anandarajah attached to the motion essentially the same substantive evidence as in his previous motion, including an affidavit from his mother, letters from Sri Lankan parliamentarians, letters from family and friends, and articles concerning Rudrakumaran.

On March 4, 2011, the Board denied the motion as untimely and number-barred, see 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c). The Board noted that it had previously affirmed the IJ's adverse credibility determination, and had denied Anandarajah's two previous motions to reopen as untimely and/or number-barred. In both of his previous motions to reopen, Anandarajah had failed to demonstrate changed circumstances in Sri Lanka that were material to his asylum claim, and, in the most recent (third) motion, he had once again failed to rebut the IJ's original adverse credibility

4

determination. The Board listed Anandarajah's evidence of changed country conditions, and specifically described his mother's statement, but, it held that, in view of the IJ's findings, including the adverse credibility finding, the new evidence did not demonstrate meaningfully changed conditions in Sri Lanka.

Anandarajah petitions for review of the Board's March 4, 2011 decision. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1). In his brief, in pertinent part, he contends that the Board erred in denying his motion to reopen on the basis of an adverse credibility determination that related to his past experiences only, and that the Board's finding that there has been no material change in country conditions in Sri Lanka since 2005 is not supported by substantial evidence.[1]

We will deny the petition for review. The Board did not abuse its discretion in denying Anandarajah' s third motion to reopen. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992); Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). A motion to reopen may be filed to "apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The time and number limitations that usually apply to motions to reopen do not apply to a motion based on changed country conditions. Id.

---

[1] We conclude that Anandarajah's other arguments lack merit and do not require discussion.

5

Anandarajah's most recent motion to reopen is based on information concerning his counsel's affiliation with LTTE. Even assuming that this is new evidence, it is not evidence that conditions in Sri Lanka have worsened for LTTE sympathizers, or those who are perceived to be sympathizers, since Anandarajah's removal hearing or since he filed his last motion to reopen. Anandarajah alleged a change in his personal circumstances in the United States, that is, his retention of attorney Rudrakumaran, and we have held that changed personal circumstances are insufficient to excuse an alien from the time and number limits on a motion to reopen. Liu v. Att'y Gen. of U.S., 555 F.3d 145 (3d Cir. 2009). An alien may file a successive asylum application based on changed personal circumstances or changed country conditions, pursuant to 8 U.S.C. § 1158(a)(2)(D), at any time during proceedings before the entry of a final order of removal, or within the 90-day deadline for a motion to reopen. Outside of those circumstances, changed country conditions under 8 U.S.C. § 1229a(c)(7)(C)(ii) must be shown. Id. at 150-52. The Board correctly determined that the required showing was not made here.

The Board did not abuse its discretion in relying to some degree on the prior adverse credibility determination. In Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004), we held that a prior adverse credibility finding with respect to a religious persecution claim was not relevant to a subsequent motion to reopen asserting a claim based on China's coercive population control policies. In Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006), the Second Circuit Court of Appeals held that "a withholding of removal claim . . . premised exclusively on objective evidence of future persecution, may, in

6

appropriate instances, be sustained even though an IJ, in the context of an asylum claim, has found not credible the applicant's testimony alleging past persecution." Id. at 156.

In Anandarajah's case, the IJ found his overall account not credible. The IJ did not find certain of Anandarajah's assertions credible, thereby leaving a claim of future persecution – based as it is here on Sri Lanka's perception of Anandarajah's LTTE connections – viable. Guo and Paul are therefore inapposite. Anandarajah has presented no new separate and distinct asylum claim; he has simply asserted new personal conduct in the United States in support of his previous claim. None of the evidence Anandarajah proffered with his fourth motion to reopen adequately rebutted the prior adverse credibility determination, nor did it even remotely establish the existence of changed country conditions in Sri Lanka, just as the Board concluded. Moreover, we agree with the Government that Anandarajah's persecution claim, based as it is on his association with Rudrakumaran, is largely a reiteration of his "failed asylum seeker" argument. We rejected that argument when we reviewed the Board's denial of his first motion to reopen, see Anandarajah, 352 Fed. Appx. at 672, and Anandarajah's third motion to reopen provides no persuasive basis for us to reconsider our previous rejection of this claim.

Without evidence of changed country conditions material to his claim for asylum, Anandarajah's third motion to reopen was untimely and number-barred, and the Board therefore acted within its discretion in denying the motion on that basis.

For the foregoing reasons, we will deny the petition for review.

7